IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| RAHEEM BROWN, | ) 1:23-CV-00247-RAL <br> ) <br> ) <br> ) RICHARD A. LANZILLO <br> Petitioner ) Chief United States Magistrate Judge <br> ) <br> v. ) <br> ) MEMORANDUM OPINION AND <br> UNITED STATES OF AMERICA, et al., ) ORDER ON PETITION FOR WRIT OF <br> ) HABEAS CORPUS <br> ) <br> Respondents ) ECF No. 1 <br> ) |

I.  Introduction

Presently pending is a petition for writ of habeas corpus filed by pro se Petitioner Raheem Brown (Petitioner) pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner contends that the Bureau of Prisons (BOP), the agency responsible for implementing and applying federal law concerning the computation of federal sentences, erred in computing his sentence. For the following reasons, Petitioner's § 2241 petition will be dismissed.[1]

II.  Background

On August 17, 2012, while on parole from a prior state sentence at Docket Number 8717-2011, Petitioner was arrested in Allegheny County and charged with drug and weapon crimes at Docket Number 11666-2012. ECF No. 2 at p. 1; ECF No. 9-1 ¶ 5. The following day, state probation authorities lodged a detainer against Petitioner for violating his parole in 8717-2011.

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

ECF No. 9-1 ¶¶ 5, 14. The drug and firearm charges stemming from the August 17 arrest were ultimately *nolle prossed* in favor of federal prosecution, but Petitioner remained in state custody due to the parole violation. *Id.* ¶ 5.

While he was in state custody, the United States District Court for the Western District of Pennsylvania (the sentencing court) issued an indictment in Case Number 2:12-cr-272 (W.D. Pa. 2012) charging Petitioner with being a felon in possession of a firearm and possession of heroin with intent to sell. *Id.* ¶ 5; ECF No. 9-3 at p. 3. On November 29, 2012, Petitioner was temporarily removed from state custody by the United States Marshal Service (USMS) pursuant to a federal writ of habeas corpus *ad prosequendum*. ECF No. 9-1 ¶ 5; ECF No. 9-3 at p. 3. Following a guilty plea, the sentencing court sentenced Petitioner to a 180-month term of imprisonment for violations of 21 U.S.C. §§ 841(a)(1) and (a)(c) and 18 U.S.C. § 924(c)(1)(A)(i). ECF No. 9-1 ¶ 6. The USMS returned Petitioner to state authorities to complete the term of his state parole violation on May 29, 2014. ECF No. 9-3 at p. 3.

On June 9, 2014, the Allegheny County Court of Common Pleas sentenced Petitioner to 650 days of time served (covering August 17, 2012, to May 29, 2014) for violating his probation in 8717-2011. ECF No. 9-1 ¶ 7. Two days later, on June 11, 2024, Allegheny County released Petitioner to exclusive federal custody. *Id.* ¶ 8. At that time, the BOP prepared Petitioner's sentence computation based on a 180-month term of imprisonment commencing on June 11, 2024, the date he was released from his Allegheny County parole revocation term. *Id.* ¶ 9. The BOP awarded Petitioner twelve days of prior custody credit for the time between May 30, 2014, the day after his county term expired, and June 10, 2024, the day before he was released into federal custody. *Id.* The BOP did not award Petitioner credit for the time between August 17, 2012, and May 29, 2014, because he received credit in state court towards his parole violation for that entire

2

time. *Id.* Based on those computations, Petitioner is scheduled for release from BOP custody via Good Conduct Time Release on May 18, 2027. ECF No. 9-2 at p. 2.

The instant petition for writ of habeas corpus,[2] filed pursuant to 28 U.S.C. § 2241, challenges the BOP's calculation of his federal release date. Petitioner contends that the BOP failed to award him prior credit for the time that he spent in state custody between August 17, 2012, and May 29, 2014. *See* ECF No. 1. This matter is fully briefed and ripe for adjudication.

III.  Analysis

For federal prisoners, 28 U.S.C. § 2241 confers habeas jurisdiction over an inmate's challenge to the execution – as opposed to the validity – of his sentence. *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). Two types of claims may ordinarily be litigated in a § 2241 proceeding. First, a prisoner may challenge conduct undertaken by the Federal Bureau of Prisons (the "BOP") that affects the duration of his custody. For example, a prisoner can challenge the BOP's computation of his federal sentence, *see, e.g., Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990), or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Secondly, a prisoner can challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536; *Woodall*, 432 F.3d at 243. Because the allegations in the instant habeas action challenge the BOP's computation of Petitioner's federal sentence, this Court has jurisdiction under § 2241 to consider Petitioner's claim.

To determine whether the BOP correctly computed an inmate's federal sentence, a reviewing court must separately determine: (1) the date on which Petitioner's federal sentence

---

[2] Under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." Petitioner is confined at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania.

3

commenced, and (2) whether Petitioner was entitled to credit for time spent in custody prior to the commencement of his sentence. Each of these determinations is governed by 18 U.S.C. § 3585.

With respect to the commencement date, 18 U.S.C. § 3585(a) provides that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward: the BOP will simply designate the inmate to a federal detention facility and calculate the federal sentence to have commenced on the date it was imposed. Where a defendant faces prosecution by both state and federal authorities, however, courts apply the "primary custody" doctrine to determine where and how the defendant will serve any resulting sentence of incarceration. *See Taccetta v. Federal Bureau of Prisons*, 606 Fed. Appx. 661, 663 (3d Cir. 2015). Under that doctrine, the sovereign that first arrests an individual has "primary custody" over the defendant and is entitled to have the defendant serve its sentence before that of any other jurisdiction. *See id.* (citing *Bowman v. Wilson*, 672 F.2d 1145, 1153 (3d Cir. 1982)). Primary custody remains vested in that sovereign until the defendant completes that sovereign's sentence or the sovereign relinquishes primary custody by releasing the defendant on bail, dismissing the charges, or granting parole. *See id.* Notably, a temporary transfer of a prisoner on a writ of habeas corpus *ad prosequendum* does not constitute a relinquishment. *See id.*; *see also Holloman v. Warden Fairton FCI*, 635 Fed. Appx. 12, 14 (3d Cir. 2015) (stating that "[t]he production of a defendant pursuant to a writ of habeas corpus *ad prosequendum* does not affect the jurisdiction of the sovereign with primary custody over a defendant").

In the instant case, Petitioner remained in the primary custody of the Commonwealth of Pennsylvania from August 17, 2012, when he was arrested by state authorities, until June 11, 2014,

4

when the state released Petitioner to the exclusive custody of federal authorities. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). There is no dispute that the BOP awarded Petitioner twelve days of prior custody credit for the time between the completion of his state sentence on May 29, 2014, and his release to a federal facility on June 11, 2014. Thus, the lone question presented is whether Petitioner received the appropriate amount of credit for the time that he spent in custody prior to May 29, 2014.

Pursuant to 18 U.S.C. § 3585(b), a defendant is entitled to receive credit for time served "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u>." *Id.* (emphasis added). The intent of the last clause of § 3585(b) is to prohibit an inmate from receiving double credit for his prior time in detention. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. *See, e.g., Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007).

In the instant case, Petitioner received credit against his state parole sentence for the time that he spent in state custody between his arrest on August 17, 2012, and his release to federal authorities on June 11, 2014. Because he received credit against his state sentence for that time, the BOP appropriately and correctly determined that he was not entitled to a credit against his

5

federal sentence under § 3585(b).³ *Vega*, 493 F.3d at 314. His challenge to the BOP's calculation of his sentence will be dismissed.

IV.   Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is denied.⁴ An appropriate order will follow.

Dated this 29ᵗʰ day of July, 2025.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

³ Petitioner's argument that his federal sentence should have run concurrent with his state sentence is unavailing. When a defendant is in the primary custody of a state at the time a federal sentence is imposed, the BOP must only designate the sentences to run concurrently if the federal sentencing court "expressly indicated an intention to have its sentence run concurrently with the non-Federal sentence." *Harris v. Bureau of Prisons (BOP) Federal*, 787 F.Supp.2d 350, 356 (W.D. Pa. 2011). The sentencing court made no such designation in the instance case, stating only that Petitioner should be "granted credit for time served in presentence custody, to the extent that [he is] eligible for same." ECF No. 2-1 at p. 3. The sentencing court's silence as to whether Petitioner's federal sentence should run concurrently with the prior state sentence must be "construed as an intent to impose a consecutive sentence." *Id.* And, in any event, because a federal sentence cannot commence "earlier than the date on which it was imposed," even if "made concurrent with a sentence already being served," Petitioner's 180-month federal sentence could not have commenced prior to May 29, 2014, the date on which he was sentenced.

⁴ Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).